KANN v. WEIR.

(Supreme Court, Appellate Term. October 27, 1905.)

1. TRIAL—DISMISSAL—VARIANCE.

Where, in an action against a carrier for the loss of goods during transportation, the evidence warranted a finding that the receipt issued by the carrier, which contained a contract of shipment, was delivered to the shipper after a contract of shipment had been made, by the delivery of the goods for shipment and their acceptance by the carrier, the point that the shipper could not proceed on an implied contract and recover the value of the goods, but must sue on the contract as evidenced by the receipt, could not be raised by a motion to dismiss.

2. EVIDENCE—HEARSAY.

Evidence that the receipt issued by a carrier on receiving goods for transportation, a purported copy of which was produced by the carrier, was a copy of a paper shown to an agent of the carrier after loss by one claiming to represent the shipper, was hearsay, and did not prove that the assumed original receipt was the original receipt.

3. CONTINUANCE—ABSENT WITNESSES.

The refusal to grant a postponement of a cause in order to enable the party applying therefor to procure the attendance of a witness will not be disturbed, where there was no reasonable explanation of the failure to have the witness in court.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Continuance, § 77.]

Appeal from City Court of New York.

Action by Edward Kann against Levi C. Weir, as president of Adams Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Richard R. Rogers and George H. Bartholomew, for appellant.
Ira Leo Bamburger, for respondent.

BISCHOFF, J. The plaintiff's recovery, measured by the value of a bale of furs delivered to the defendant's express company for transportation and lost by the latter, is assailed upon the ground that the relations of the parties were defined by the terms of a written contract, evidenced by a receipt or bill of lading issued at the time of the ship-

ment, and that the plaintiff could not, therefore, proceed upon an implied contract. This point was raised at the trial by a motion to dismiss the complaint; but clearly the ruling of the court could not properly have been other than a denial of the motion, since the evidence supported a finding that the paper was not delivered to the shipper when the goods were received for carriage, but afterwards, and when the contract itself had already been made, through the offer of the goods to the carrier and the acceptance for transportation. Bostwick v. R. R. Co., 45 N. Y. 712. The defendant might have been in a position to require the submission of this question of fact to the jury; but, so far, the direction of a verdict was with defendant's acquiescence.

Nor was there error in the exclusion of evidence that the receipt, a purported copy of which was produced by the defendant, was a copy of a paper shown to some agent of the defendant, after the loss, by some person who said he represented the plaintiff. The basic fact that the assumed original receipt was the original was left wholly unproven by evidence of this character, for the matter rested altogether in hearsay.

The defendant's application to the trial court for a postponement was founded upon no assertion of surprise, and suggested merely that this party, being unsuccessful in the offer of incompetent evidence to establish the contents of the paper referred to, desired to procure the attendance of the witness who had knowledge of the facts—the agent who issued the receipt. In the absence of any reasonable explanation of the failure to have this witness in court, the exercise of discretion in the denial of defendant's application was quite sound.

Judgment affirmed, with costs. All concur.